No. 2962

Second Circuit

FIRST NATIONAL BANK OF ARCADIA

v. LEWIS

(May 13, 1927. Opinion and Decree.)
(June 28, 1927. Rehearing Refused.)

(*Syllabus by the Court.*)

1. **Louisiana Digest—Appeal—Par. 729.**

Where the question whether a wife joined her husband in an act of mortgage to waive the benefit of the homestead exemption is a material point, the case will be remanded to the District Court for further testimony on that point, where the District Judge in a written opinion says she did sign the act of waiver and the certified copy of the mortgage found in the record fails to show her signature.

Appeal from the Third Judicial District Court of Louisiana, Parish of Lincoln. Hon. S. D. Pearce, Judge.

Action by First National Bank of Arcadia against Israel Lewis, et al.

There was judgment for plaintiff and defendants appealed.

Case remanded to the District Court for further evidence.

E. L. Walker, of Ruston, attorney for plaintiff, appellee.

J. W. Elder, of Farmerville, attorney for Colvin-Tatum Co., defendant, appellant.

C. B. Roberts, of Ruston, attorney for G. W. Dye, defendant, appellant.

ODOM, J. The issues involved in this case are correctly stated by the District Judge as follows:

"The sole question involved in this case is that of ranking mortgages resting upon the same piece of property and held by different mortgage creditors.

"Plaintiff obtained judgment against defendant in this court on April 28, 1926, for the sum of three hundred and twenty-five dollars, with eight per cent per annum interest thereon from October 1, 1924, and ten per cent as attorney's fees, upon defendant's certain promissory note for that sum in principal and interest and attorney's fees. This note was secured by mortgage on seventy acres of land situated in this parish and which was the homestead of defendant, and so occupied by him at the time. The note was made payable to the order of the maker and was by him endorsed and transferred to the plaintiff herein. It was secured by a mortgage on seventy acres, as stated above, and note and mortgage passed before notary public and by him the note was duly paraphed and the mortgage duly recorded in the mortgage record of Lincoln parish. The wife of the mortgagor joined with him in the act of mortgage and they waived their homestead rights

on the property mortgaged in favor of any holder of the said mortgage note, this waiver being embodied in the act of mortgage and recorded with the mortgage. Plaintiff's said mortgage and homestead waiver was recognized in said judgment and the property mortgaged was ordered seized and sold to satisfy the judgment.

"Execution was issued upon said judgment and the property mortgaged was seized, advertised for sale and sold by the sheriff of Lincoln parish, and was purchased by E. B. Tatum for the price and sum of five hundred dollars cash. The sheriff, however, refused to pay over the proceeds of the said sale to plaintiff until ordered and directed by the court to do so on account of the fact that there were several prior mortgages on record affecting the property sold, the priority of which he was unable to determine, and electing to have the court first pass upon the matter and direct him how to proceed in distributing the proceeds of the sale of the land. And thereupon the plaintiff brought this proceeding against the sheriff and the several mortgage creditors concerned to compel the sheriff to pay over to plaintiff a sufficient sum out of the said proceeds to satisfy plaintiff's judgment in principal, interest, attorney's fees and costs, by preference and priority over all other claims against the property sold."

"There are five mortgage claims of record affecting the land that are of anterior date to the claim of plaintiff, four of them in the form of judgments and one a tax subrogation; and the funds on hand are insufficient to pay any two of them, except one of the smaller judgments and the tax subrogation. These judgments rank, in priority of date of registry, in the mortgage records, as follows:

"G. W. Dye vs. Israel Lewis, recorded October 15, 1915; Colvin-Tatum Co. vs. I. Lewis, recorded December 8, 1920; Barham & Co. vs. I. Lewis, recorded February 11, 1922; Tax Subrogation in favor of Barham & Co. for taxes of 1920, dated August 26, 1921, recorded August 31, 1921;

E. B. & S. E. Tatum vs. Lewis, recorded November 14, 1922. Then follows plaintiff's mortgage with homestead waiver recorded March 19, 1924. But two of the said mortgages carried homestead waivers, viz.: the Barham & Company mortgage and the mortgage in favor of plaintiff. The Barham & Company mortgage is a chattel mortgage, and was recorded in the chattel mortgage record of Lincoln parish, and plaintiff's mortgage is a land mortgage and, as such, was duly recorded in the land mortgage record of Lincoln parish."

## OPINION

It will be noted that the District Judge says:

"The wife of the mortgagor joined with him in the act of mortgage and they waived their homestead rights on the property mortgaged in favor of any holder of the said mortgage note, this waiver being embodied in the act of mortgage and recorded with the mortgage. Plaintiff's said mortgage and homestead waiver was recognized in said judgment, and the property mortgaged was ordered seized and sold to pay the judgment."

Whether the wife of Israel Lewis in fact joined her husband and waived with him her homestead rights is a vital issue, for if she failed to do so the other mortgages prime that of plaintiff, having been recorded ahead of it.

Counsel for appellant calls our attention to the fact that the copy of the mortgage attached to plaintiff's petition and filed in evidence shows that the wife of Israel Lewis did not sign that document. The copy shows that Israel Lewis signed, but the clerk who made said copy made the following notation thereon:

"(Note: Wife did not sign.)"

The lower court rendered judgment in favor of plaintiff upon the assumption

and theory that the wife signed the act. He says, in so many words, that she did sign. The court either had before it evidence that she signed it or was misled by the recitals in the body of the act to the effect that the wife joined her husband and waived the homestead. But there is no evidence before us that she signed the act. As our attention has been called to this point, we must set the judgment aside and remand the case to the lower court to take testimony on the particular point whether the wife of Israel Lewis did in fact make herself a party to the act of mortgage and sign the homestead waiver.

We are constrained to do this because the judge says she did sign, whereas the document offered does not bear her signature.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be set aside, and further ordered that the case be remanded to the District Court and reinstated on the docket for the purpose of taking testimony as to whether the wife of Israel Lewis signed the act of mortgage with her husband. All costs to await the final decree.